[Cite as *State v. Love*, 2026-Ohio-2940.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                                     :

    Plaintiff-Appellee,                    :

                                   No. 115852

    v.                                                :

GREGORY LOVE,                                     :

    Defendant-Appellant.                   :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED IN PART, REVERSED IN PART
                  AND REMANDED
**RELEASED AND JOURNALIZED:** July 30, 2026

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-25-698334-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chloe Robinson, Assistant Prosecuting Attorney, *for appellee.*

Michael P. Maloney, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Appellant Gregory Love appeals his convictions for attempted murder and felonious assault in this case. Upon review, we find the evidence was sufficient to find appellant guilty of attempted murder and felonious assault as

charged in Counts 1 and 2. However, as argued by Love and conceded by the State, the trial court committed plain error by failing to merge those two offenses as allied offenses of similar import under R.C. 2941.25. Accordingly, we affirm in part, reverse in part, and remand solely for purposes of merger and limited resentencing pursuant to the State's election as related to the base charges on Counts 1 and 2. Love's convictions and sentences, including upon the firearm specifications and on Counts 3 through 6, are affirmed in all other respects.

{¶ 2} On January 21, 2025, Love was charged under a seven-count indictment with one count each of attempted murder, felonious assault, having a weapon while under disability, aggravated menacing, and criminal damaging, as well as two counts of improperly handling of firearms in a motor vehicle. Three of the counts included firearm specifications. The case proceeded to a jury trial held in September 2025. Love was acquitted of the criminal-damaging charge on Count 7, but he was found guilty of the other six counts, including all of the associated firearm specifications on Counts 1, 2, and 5. The trial court imposed a total aggregate sentence of 14 to 15.5 years in prison, which included a mandatory 11 years for one 5-year and two 3-year firearm specifications, and all counts were run concurrent to each other and to the prison term imposed on Count 1 for attempted murder. This appeal followed.

{¶ 3} Love raises three assignments of error. Under his first and second assignments of error, he claims that the trial court erred in denying his Crim.R. 29 motion for acquittal on Counts 1 and 2, arguing that the State presented insufficient

evidence on the elements of attempted murder and felonious assault. Under his third assignment of error, Love argues it was plain error to convict and sentence him on both Counts 1 and 2 because those counts involve allied offenses of similar import.

{¶ 4} A sufficiency-of-the-evidence challenge presents a legal issue that we review de novo. *State v. Bissell*, 2026-Ohio-1965, ¶ 14, citing *State v. Dent*, 2020-Ohio-6670, ¶ 15. "When reviewing whether sufficient evidence exists to support a conviction, 'the question is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.'" *Id.*, quoting *State v. Groce*, 2020-Ohio-6671, ¶ 7.

{¶ 5} Under Count 1, the State charged Love with attempted murder, a felony of the first degree in violation of R.C. 2923.02/2903.02(A), alleging that he "did attempt to purposely cause the death" of K.C. A person acts "purposely" when "it is the person's specific intention to cause a certain result . . . ." R.C. 2901.22(A). "The state can establish purpose or intent by circumstantial evidence and through the surrounding facts and circumstances." *State v. Ross*, 2025-Ohio-2875, ¶ 25 (10th Dist.), citing *State v. McCall*, 2021-Ohio-1032, ¶ 20 (10th Dist.).

{¶ 6} Under Count 2, the State charged Love with felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2), alleging that appellant "did knowingly cause or attempt to cause physical harm to [K.C.] by means of a deadly weapon or dangerous ordnance, to wit: [a] firearm." Pursuant to R.C. 2901.22(B),

"A person acts knowingly, regardless of purpose, when the person is aware that the person's conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when the person is aware that such circumstances probably exist."

{¶ 7} Although Love argues that the State presented insufficient evidence on the requisite intent for the attempted-murder and felonious-assault offenses, we find otherwise. In this case, the State presented evidence that showed on the night of the shooting incident in this matter, K.C. was out with Nathanial Emory and met Love at a bar; Love appeared to be intoxicated and was driven to his business location where a confrontation with Emory occurred in the parking lot; Love had a gun, fired a shot, and threatened Emory; Emory got into his Nissan sedan to drive away with K.C., who was seated in the front passenger seat; when Emory saw his mother arriving at the scene, Emory turned his vehicle around, went back to the parking lot, and exited the vehicle; K.C. remained in the front passenger seat of the Nissan; and Love pulled his vehicle within a couple feet of the Nissan, rolled down his vehicle's passenger window, leaned out, looked into the Nissan, and then fired 17 shots into the vehicle while K.C. was still seated in the vehicle. K.C. testified that she could see Love's face as he was shooting at her, that she tried to climb into the back seat of the Nissan as she was being shot at, that "a bullet flew right past my ear," that she "jumped right back into the passenger's seat and just sat there until Mr. Love decided to finish unloading his clip and pull off," and that she feared she was going to die. Other testimony and evidence were presented in the matter.

{¶ 8} When viewing the evidence in the light most favorable to the State, we find a rational trier of fact could have properly inferred from the circumstances surrounding the crime that Love did attempt to purposely cause the death of K.C. As this court has previously observed, "Purpose may be inferred from the surrounding circumstances, including the weapon used, its capacity to cause death, and the manner of its use." *State v. Parker*, 2026-Ohio-346, ¶ 22 (8th Dist.), citing *State v. Stallings*, 89 Ohio St.3d 280, 290 (2000). In *Parker*, it was determined that "a rational juror could conclude that firing multiple rounds . . . toward the occupied vehicle constituted conduct that, if successful, would have caused death, and therefore, supported an inference of purpose[.]" *Id.* at ¶ 28. Also, "[t]he close proximity of the shooting, the occupied nature of the vehicle, and the multiple shots fired in rapid succession all support the reasonable inference that [the appellant] acted with the specific intent to cause death, regardless of which particular [person] might have been struck." *Id.* at ¶ 31. Further, "it is the intent of the accused, not the result, which is determinative." (Cleaned up.) *State v. Ross*, 2025-Ohio-2875, ¶ 27 (10th Dist.). Here, though bullet holes were through the rear driver's side door of the vehicle and the victim was not injured, sufficient evidence was presented to support a reasonable inference that Love, in firing multiple shots at the vehicle, acted with the specific intent to cause the death of K.C.

{¶ 9} We also find a rational trier of fact could have properly inferred from the circumstances surrounding the crime that appellant did knowingly attempt to cause physical harm to K.C. by means of a deadly weapon or dangerous ordnance.

It could be inferred from the circumstances presented that Love was aware that K.C., who could see Love's face, was in the Nissan when he was shooting at the vehicle from a short distance away. That the bullet holes were located in the rear driver's side door does not diminish the sufficiency of the evidence against him. As the Supreme Court of Ohio explained in *Bissell*, "an offender's purpose or intention to cause a result is not required when determining an offender's knowledge, 'only an awareness of the probable consequences of one's actions.'" *Bissell*, 2026-Ohio-1965, at ¶ 18, quoting *State v. Crawl*, 2025-Ohio-2799. Here, it could be inferred from the evidence presented that Love acted with an awareness that firing multiple shots into an occupied vehicle constituted conduct that, if successful, had a probable consequence of causing physical harm to the vehicle's occupant, regardless of where they were seated in the vehicle.

{¶ 10} We are not persuaded by any of Love's arguments under his first and second assignments of error, and we find his various challenges to the sufficiency of the evidence against him to be unavailing. Considering the evidence in this case in the light most favorable to the State, sufficient evidence exists to support the attempted-murder and felonious-assault convictions. Love's first and second assignments of error are overruled.

{¶ 11} Next, we address Love's argument regarding the trial court's failure to merge the offenses at sentencing. In this case, Love argues and the State concedes that the offenses under Counts 1 and 2 are allied offenses of similar import that are subject to merger pursuant to R.C. 2941.25(A). The statute provides that

"[w]here the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." *Id.*

{¶ 12} We review whether offenses are allied offenses of similar import under a de novo standard. *State v. Ayers*, 2026-Ohio-1040, ¶ 42 (8th Dist.), citing *State v. Sims*, 2024-Ohio-250, ¶ 28. "An accused's failure to raise the issue of merger in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice." *Id.* at ¶ 42, citing *State v. Rogers*, 2015-Ohio-2459, ¶ 3.

{¶ 13} Here, the evidence established that Love fired multiple shots into an occupied vehicle. He was found guilty of attempted murder as charged in Count 1 (attempt to purposely cause death) and felonious assault as charged in Count 2 (knowingly cause or attempt to cause physical harm by means of a deadly weapon or dangerous ordnance). Based on the record before this court, we find that these offenses arose from the same sequence of Love repeatedly shooting into the Nissan while K.C. was in the vehicle. The offenses were not of dissimilar import, were not committed separately, and were not committed with separate animus. We agree with the parties herein and find that the trial court committed plain error by failing to merge the offenses of attempted murder and felonious assault as allied offenses of similar import pursuant to R.C. 2941.25(A).

{¶ 14} Although the trial court imposed concurrent terms of imprisonment, "'the imposition of concurrent sentences is not the equivalent of merging allied offenses' because no sentence should be entered on the merged counts." *Ayers* at ¶ 51, quoting *State v. Damron*, 2011-Ohio-2268, ¶ 17. However, as argued by the State, Love was properly sentenced on the firearm specifications associated with the offenses pursuant to R.C. 2929.14(B)(1)(g). *See State v. Bollar*, 2022-Ohio-4370, ¶ 18-19; *State v. Welninski*, 2018-Ohio-778, ¶ 102-104. Therefore, Love must only be resentenced pursuant to the State's election as related to the base charges on Counts 1 and 2.

{¶ 15} Accordingly, on Counts 1 and 2, we affirm the findings of guilt, but we reverse the judgment of conviction in part and remand for the limited purpose of resentencing Love pursuant to the State's election as related to the base charges of aggravated murder and felonious assault, which are allied offenses of similar import. Love's convictions and sentences, including upon the firearm specifications and on Counts 3 through 6, are affirmed in all other respects.

{¶ 16} Judgment affirmed in part and reversed in part. Case remanded for resentencing in accordance herewith.

It is ordered that appellant and appellee share costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

EMANUELLA D. GROVES, P.J., and
TIMOTHY W. CLARY, J., CONCUR